STATE OF NORTH CAROLINA v. ROBERT LEE BYRD

No. 7421SC474

(Filed 3 July 1974)

Criminal Law § 140— one offense — two convictions — concurrent sentences imposed

Though charges of robbery of a law officer with a firearm and assault upon a law officer with a firearm were merged, and it was error to convict defendant upon both charges, defendant was not prejudiced, since the sentences imposed upon the convictions ran concurrently.

ON *Certiorari* to review a trial before *McConnell, Judge,* 6 August 1973 Session of Superior Court held in FORSYTH County. Heard in the Court of Appeals on 20 June 1974.

Defendant was tried upon separate bills of indictment for the offenses of robbery with a firearm, assault with a firearm on a law enforcement officer, and assault.

The State's evidence tends to show that on 31 May 1973, Officer C. E. Capps of the Winston-Salem Police Department, working off-duty as a security officer at King's Department Store, observed the defendant taking ladies' pants suits from a

clothing rack, folding them up, and placing them in a diaper bag and a paper bag. Officer Capps approached defendant, identified himself as a police officer and exhibited his badge, and advised defendant that he was under arrest for concealing merchandise.

Defendant then placed a gun against Officer Capps' ribs and threatened to kill him if he did not allow defendant to go. Defendant, preceded by two Negro females, then began to back out of the store. Clyde Alberg, Assistant Manager of the store, grabbed defendant, but released him when he discovered defendant had a gun. Defendant fired a shot as he exited through the door and fled on foot.

Officer Capps pursued defendant outside on foot, fired a warning shot, and commanded defendant to halt. After pursuing defendant on foot across several streets and firing shots at defendant, Officer Capps apprehended defendant, who had been wounded in the attempted flight. Officer Capps then placed defendant in the rear area of Alberg's station wagon, which Alberg had driven to the scene in an attempt to assist Officer Capps.

While Officer Capps held defendant in the vehicle, the two Negro women approached Capps and Alberg, cursing and grabbing Capps, who was attempting to detain defendant until police assistance could arrive. Defendant fled the vehicle, attempted to get in another vehicle, and was summarily thrown out. Defendant then entered another vehicle which left the scene. Officer Capps saw defendant later that same evening at the Baptist Hospital in Winston-Salem, where he apparently was being treated for a gunshot wound. The weapon used by defendant, a .22 caliber pistol, was recovered the next day.

The defendant's evidence tends to show that on the date in question, he went to King's Department Store with his sister and two friends. Defendant picked up a bag on the floor which contained clothes. Defendant was then grabbed around the neck by Alberg, broke Alberg's grip, panicked, and ran. Defendant testified that Officer Capps shot him once, and shot at defendant four more times while he was wounded and on his knees. Defendant was unarmed throughout this series of events. A friend of defendant's then drove up and took him to the hospital.

State v. Byrd

From verdicts of guilty on all three counts and judgments rendered thereon, defendant appealed to this Court.

*Attorney General Morgan, by Assistant Attorney General Banks, for the State.*

*Robert M. Bryant, for the defendant.*

BROCK, Chief Judge.

Counsel for the defendant states that his search of the record has revealed no error prejudicial to the defendant, but requests this Court to review the record for the existence of any error which would merit a new trial.

We note that defendant was charged and convicted of *robbery* of Officer C. E. Capps with a firearm, and was also charged and convicted of *assault* on Officer C. E. Capps with a firearm. It seems that, under the facts in this case, these two charges are merged. It is difficult to see how defendant could have robbed Officer Capps by the use of a firearm without, at the same time, assaulting Officer Capps with a firearm. There is no evidence of an assault upon Officer Capps with a firearm other than during the commission of the robbery. Nevertheless, the sentence on the conviction of assault on Officer Capps with a firearm runs concurrently with the sentence on the conviction of the robbery of Officer Capps with a firearm. We, therefore, perceive no prejudice to defendant.

Our review of the record discloses no error prejudicial to defendant.

No error.

Judges CAMPBELL and HEDRICK concur.